UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| TERRY R. COCHRANE ) | | 3:11-cv-00092-LRH-WGC |
| ) | | |
| Plaintiff, ) | | **MINUTES OF PROCEEDINGS** |
| ) | | |
| vs. ) | | August 6, 2012 |
| ) | | |
| LAS VEGAS METROPOLITAN POLICE ) | | |
| DEPARTMENT, et al., ) | | |
| Defendants. ) | | |
| _____) | | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:           FTR

COUNSEL FOR PLAINTIFF:  TERRY R. COCHRANE, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANT(S):  THOMAS D. DILLARD (on behalf of defendants:

Las Vegas Metropolitan Police Department and Sgt. Swartwood)

**PROCEEDINGS: MOTION HEARING**

1:34 p.m. Court Convenes.

The court advises the parties that this hearing will address several outstanding motions which were identified in the minute order setting this hearing (Dkt. # 89) as well as a few motions that were recently submitted.

**I. Disposition of Pending Motions**

**1.) Plaintiff's Motion to Compel** *("Requesting Court Order Compelling Defendants to Answer Second Set of Interrogatories that were Served on 5/2/12")* **(Dkt. #62).**

Plaintiff failed to comply with Local Rule 26-7, which requires any party filing a discovery motion to submit a statement certifying that personal consultation and sincere efforts were made to meet and confer in attempt to resolve discovery disputes (LR 26-7(b)). Furthermore, plaintiff failed to attach or submit the discovery in dispute (LR 26-7(a)). The court also notes that it appears that this instant motion is superseded by plaintiff's *"Motion to Renew (Doc. #52) Motion Compelling Defendants to Produce Documents,"* (Dkt. #87) which will be addressed later during this hearing. Therefore, plaintiff's motion to compel (Dkt. #62) is **DENIED.**

MINUTES OF PROCEEDINGS
3:11-cv-00092-LRH-WGC
Date: August 6, 2012
Page 2

**2.** *"Plaintiff's Opposition to Defendants Motion to Amend Defendant Swartwood's First Set of Interrogatories"* **(Dkt. #63); Defendants' Counter Motion to Strike Dkt. #63 Response (Dkt. #77); and Plaintiff's Response to Dkt. #77 Counter Motion to Strike Dkt. #63 Response (Dkt. #82).**

The issue presented by the documents submitted by both plaintiff and defendants (Dkt. ## 63, 77 and 82) is whether Mr. Swartwood and his counsel are allowed to amend interrogatory responses. The court indicates that under the Federal Rules of Civil Procedure 26(e)(1)(A), such supplementation or amendment is permissible. Although a party may comment on any changes to interrogatory responses, Mr. Cochrane's request to strike the document is not appropriate. Because a party has the legal ability to amend answers to interrogatories under the Federal Rules of Civil Procedure, defendants' "Counter Motion to Strike Dkt. #63 Response" (Dkt. #77) and plaintiff's "Response to Dkt. #77 Counter Motion to Strike Dkt. #63 Response" (Dkt. #82) are therefore **DENIED**.

**3.)** *"Emergency Motion to Expedite Second Request for a Court Order for Extended Copywork and Additional Legal Supplies"* **(Dkt. #66).**

This motion has been disposed of at Dkt. #69, which granted plaintiff's request for an extension of his copywork limit, but only in the amount of $10.00. The same order denied without prejudice plaintiff's request for additional legal supplies. See also the discussion of legal supplies herein at #5.

**4.)** Motion to Extend Time - *"Emergency Motion to Expedite Request for an Extension of Time to File Pretrial Order (First Request)"* **(Dkt. #81).**

Mr. Cochrane informs the court that he has already submitted his pretrial order (Dkt. #84). The court advises Mr. Cochrane, first, the pretrial order should be submitted as a joint document. Second, pursuant to the scheduling order (Dkt. #39) and because there are two pending dispositive motions, the joint pretrial order is not due at this time; only until the dispositive motions have been disposed of will the joint pretrial order be due thirty (30) days after such an order is entered. The court finds that this instant motion is premature and is therefore **DENIED as moot**.

**5.)** *"Motion for Legal Supplies and Additional Copywork"* **(Dkt. #85).**

The court advises Mr. Cochrane that it can only grant copywork and legal supplies extensions for the instant matter, not for any other cases he may have pending, such as his habeas action (see Dkt. #69). The court finds that there will most likely be additional filings which plaintiff must submit and will therefore allow for additional copywork and legal supplies.

MINUTES OF PROCEEDINGS
3:11-cv-00092-LRH-WGC
Date: August 6, 2012
Page 3

Plaintiff's "Motion for Legal Supplies and Additional Copywork" (Dkt. #85) is **GRANTED**. The extension of supplies, over and above his standard NDOC allotment, is limited to the following: twenty-five (25) sheets of lined paper, fifty (50) sheets of blank paper, one (1) pen, five (5) 4x9 envelopes, and five (5) sheets carbon paper. As to the extension of copywork, plaintiff is granted an additional $20.00 (200 pages worth of copywork).

### 6.) "Motion Requesting New Scheduling Order" (Dkt. #86).

The court notes that the docket does not reflect that Defendant Chad Ostler (added pursuant to court order, Dkt. #72) has been served. An attempt to serve Mr. Ostler was made by the United States Marshal's Office; however, the attempt was apparently unsuccessful because the Las Vegas Police Department would not accept service on behalf of Mr. Ostler. Mr. Dillard suggests that the summons and complaint be served directly to the "risk management office" of the Las Vegas Metropolitan Police Department (LVMPD) headquarters itself rather than the county jail.

The address for the risk management office is: LVMPD Risk Management Office, Attn: Deborah Somma, 400 South Martin Luther King Boulevard, Las Vegas, NV 89106.

The clerk is directed to send plaintiff the following materials so that service may be attempted again on defendant Ostler: one (1) USM-285 form, copy of the amended complaint (Dkt. #26), and copy of the today's minutes of proceedings. The plaintiff will then have **twenty (20) days** from the date of entry of the minutes of proceedings to provide the United States Marshal's Office with the completed USM-285 form for service upon the risk manager at the LVMPD.

In light of Mr. Ostler not being served as of today's date, plaintiff's "Motion for a New Scheduling Order" is considered premature and is therefore **DENIED**. If Mr. Ostler is served and an answer is filed, the court will issue a new scheduling order at that time.

The court notes that the pending motion's for summary judgment (Dkt. ##59 and 79) are not stayed in light of the extension of time to effect service upon defendant Mr. Ostler.

### 7.) "Request for Submission of Motions" (Dkt. #88).

The court has characterized plaintiff's filing "Request for Submission of Motions" (Dkt. #88) as to documents Dkt. #85 - Dkt. #87 as a motion pending before the court. As to the extent plaintiff's filing is construed as a motion, Dkt. #88 is **DENIED as moot**.

MINUTES OF PROCEEDINGS
3:11-cv-00092-LRH-WGC
Date: August 6, 2012
Page 4

### 8.) Motion to Renew Dkt. #52 Motion to Compel (Dkt. #87).

The court notes that the docket does not reflect a response by the defendants has yet been filed as to plaintiff's "Motion to Renew Dkt. #52 Motion to Compel" (Dkt. #87).  The court is not inclined to rule on this motion as of today and will rather defer ruling until the motion is completely briefed. Recognizing Mr. Cochrane is under certain disadvantages in attempts to resolve discovery disputes, the court asks Mr. Dillard to attach the subject of discovery which is in dispute with defendants' response.  Mr. Dillard shall file defendants' response no later than August 24, 2012.  Plaintiff shall thereafter have the opportunity to file a reply to defendants' response to the renewed motion to compel (Dkt. #87).

**IT IS SO ORDERED.**

2:25 p.m. Court Adjourns.

                                                LANCE S. WILSON, CLERK

                                          By: _____/s/_____
                                            Katie Lynn Ogden, Deputy Clerk