UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| TERRY R. COCHRANE,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>LAS VEGAS METROPOLITAN  )<br>POLICE DEPARTMENT, *et al.,*  )<br>  )<br>  Defendants.  )<br>_____  ) | 3:11-cv-00092-LRH-WGC<br><br>**MINUTES OF PROCEEDINGS**<br><br>October 11, 2012 |

PRESENT:   <u>THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE</u>

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>   REPORTER:   <u>             FTR             </u>

COUNSEL FOR PLAINTIFF(S):   <u>Terry R. Cochrane, In Pro Per (Telephonically)  </u>

COUNSEL FOR DEFENDANT(S):   <u>Matthew Cavanaugh obo: Thomas Dillard (Telephonically)</u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:31 Court Adjourns.

      The court reviews the status of plaintiff's Motion to Renew Dkt. #52 Motion to Compel (Dkt. #87). Mr. Cavanaugh indicates that this hearing is to address five particular discovery requests plaintiff identified in a letter sent to defendants dated June 26, 2012 (Dkt. #91, Exhibit A). Mr. Cavanaugh states it is the defendants' position that the requests have been timely responded to and that all relevant documentation in defendants' possession have been provided to plaintiff. Mr. Cochrane objects and asserts there is documentation to still be produced. The court will address plaintiff's five discovery requests, which are in dispute, individually.

**I. Plaintiff's Request for Production No. 1 - No. 5 (Dkt. #91, Exhibit A)**

      After hearing argument, and good cause appearing, Plaintiff's Motion to Renew Dkt. #52 Motion to Compel (Dkt. #87) is **GRANTED IN PART and DENIED PART** as follows:

    **A. Request for Production No. 1**

      Based on the defendants' representation that all grievances submitted by Mr. Cochrane between the end of June and July 23, 2010, have been produced and that there are no further

MINUTES OF THE COURT
3:11-cv-00092-LRH-WGC
Date: October 11, 2012
Page 2

grievances during that time period, plaintiff's request is DENIED. The court, however, requests that defense counsel review defendants' records because, without having bate stamps and/or an index, it is quite difficult for the court to verify defendants' representation.

### B. Request for Production No. 2

The defendants represent that they have produced what plaintiff has requested in this category. The court follows the same ruling as in Request for Production No. 1 and will DENY Request for Production No. 2; however, defense counsel shall, again, review defendants' records to make certain that this request was fully addressed and that no further grievances are applicable to this request.

### C. Request for Production No. 3

Reviewing defendants' responses to plaintiff's requests for production and the representation that defendants have produced all documents requested by plaintiff, the court nevertheless directs defendants to submit a supplemental Rule 26 production. The supplemental Rule 26 production shall include all grievances during the time period of January 21, 2010, through August 24, 2010, in chronological order and bate stamped. Additionally, property receipts shall be included with defendants' responses. Defendants shall have up to and including **Friday, October 26, 2012,** to serve the supplemental response. Therefore, to the extent that defendants are to submit a supplemental Rule 26 production, plaintiff's Request for Production No. 3 is GRANTED.

### D. Request for Production No. 4

Plaintiff acknowledges that defendants did produce the Standard Operations Procedure as requested; however, at the time plaintiff did not have funds available to make copies for himself and, for that reason, plaintiff requests that the documents be produced again. Mr. Cavanaugh represents that defendants will again produce the documents requested with respect to the Standard Operations Procedure. Therefore, plaintiff's Request for Production No. 4 is GRANTED and defendants are directed to produce the documents to plaintiff.

### E. Request for Production No. 5

This request shall be addressed in defendants' forthcoming supplemental response to plaintiff's request for production of documents. To the extent that defendants are to submit a supplemental response, plaintiff's Request for Production No. 5 is GRANTED.

MINUTES OF THE COURT
3:11-cv-00092-LRH-WGC
Date: October 11, 2012
Page 3

## II. Additional Comments Regarding Case Status

### A. Transcript of Terry Cochrane Deposition

Mr. Cochrane requests that the court order a certified copy of the transcript from plaintiff's deposition taken on May 29, 2012 (Dkt. #79-1) to be produced. Mr. Cochrane indicates that Mr. Dillard submitted the deposition transcript with defendants' Counter Motion for Summary Judgment (Dkt. #79) before plaintiff was able to sign and notarize the transcript. Mr. Cochrane represents that the transcript was "short" thirty pages in defendants' Counter Motion for Summary Judgment (Dkt. #79). Mr. Cochrane states that he has sent letters both to Mr. Dillard and the "Depo. International, L.L.C.", advising them of his corrections and requesting the return of a certified copy of the deposition transcript, but has not received a response by either Mr. Dillard or the "Depo. International, L.L.C." Mr. Cavanaugh is unable to represent at this time the status of plaintiff's letter regarding his request for corrections and of a certified copy of the deposition transcript; however, Mr. Cavanaugh represents that defendants will address this concern in their supplemental response to the court that is due on October 26, 2012.

### B. Status of Summons Issued as to Chad Ostler

Plaintiff advises the court that he has complied with the court order to submit to the clerk's office a USM-285 form for service to be effected upon Chad Ostler. The court confirms that the USM-285 was executed and the summons was served on September 26, 2012 (Dkt. #102).

### C. Settlement

Plaintiff advises the court and Mr. Cavanaugh that he is willing to negotiate an agreement between himself and defendants should the defendants be interested in settling this case. The court suggests that Mr. Cavanaugh relay and discuss Mr. Cochrane's proposal for settlement to Mr. Dillard and the primary principals in this matter.

10:20 a.m. Court adjourns.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk