UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| TERRY R. COCHRANE, | ) | 3:11-cv-00092-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | January 28, 2013 |
| | ) | |
| LAS VEGAS METROPOLITAN | ) | |
| POLICE DEPARTMENT, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    Katie Lynn Ogden     REPORTER:              FTR

COUNSEL FOR PLAINTIFF:  Terry R. Cochrane, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS: Thomas D. Dillard, Esq.

**MINUTES OF PROCEEDINGS: Motion Hearing**

3:33 p.m. Court Convenes.

   The court addresses plaintiff's Motion to Hold Thomas D. Dillard Attorney in Contempt (Dkt. #114) and Defendants' Response thereto (Dkt. # 116).  The court notes that it has not received plaintiff's reply to defendants' response to the instant motion, nor is a reply memo entered in the docket.  Mr. Dillard indicates that he received plaintiff reply on January 25, 2013.  The court therefore requests that the plaintiff proceed with his argument with regard to his motion for contempt.

   Mr. Cochrane indicates that defendants' supplemental production (Dkt. # 110) included several documents which he claims are illegible and/or Xerox copies of documents that were faded to the point it was difficult to read or see the dates of the documents.  Mr. Cochrane states that he sent Mr. Dillard a letter concerning the inadequate discovery responses he received. Mr. Cochrane informs the court that he also requested supplemental discovery which included "clear" copies of documents that were not faded and for specific dates of grievances.  He also requested a signed, notarized, copy of his deposition (see Dkt. #114, Exhibit B).  Mr. Cochrane explains that defendants' production of documents as ordered by the court included around 400 plus pages of documents that range between ten (10) to fifteen (15) year time frame.
Mr. Cochrane notes that some of defendant's responses indicated that documents have either been lost of misfiled.  Mr. Cochrane states that such responses to discovery are inadequate and gives reason why he is filing the instant motion for contempt against defendants' counsel, attorney Thomas Dillard.

MINUTES OF PROCEEDINGS
3:11-cv-00092-LRH-WGC
Date:  January 28, 2013
Page 2

The court inquires of Mr. Dillard whether he has produced the component of plaintiff's discovery request with regard to grievances.  Mr. Dillard represents that he has produced all such documents which are still available and they can be found in defendants' response to plaintiff's motion to hold Mr. Dillard in Contempt (Dkt. #116).  The court further inquires whether Mr. Dillard had responded to Mr. Cochrane's letter.  Mr. Dillard states that he had not responded to plaintiff's letter dated 10/30/12.  However, Mr. Dillard explains that defendants have produced to Mr. Cochrane everything that is contained in his inmate file, requested policies of the defendants, the deposition transcript and the exhibits to the deposition transcript.  Mr. Dillard notes defendants filed an affidavit of the Las Vegas Metropolitan Police Department records custodian attesting to the complete production.  Mr. Dillard clarifies that the copy of the deposition transcript provided to plaintiff was a "mini-script."  However, Mr. Dillard states that if it pleases the court, the defendants will provide plaintiff with a full copy of the deposition transcript that will include the signature of the court reporter on the back page.  The court requests Mr. Dillard to produce the full copy of the deposition transcript, which includes the signature of the court reporter.

The court explains that, from the representations made by Mr. Dillard, it appears defendants have adequately complied with the court order issued on October 11, 2013 (Dkt. #106).   The defendants have produced the grievances of which they still have copies, in chronological order and bates stamped.  These documents, which the court on inspection found to be entirely legible, were segregated according to plaintiff's two separate incarcerations at Clark County Detention.  Defendants admit certain grievances or other documents  might be missing due to being misfiled or lost but also submit plaintiff, himself, should have his own copies of such documents.

Furthermore, defendants cannot produce documents in which they represent they do not have; therefore, the court is unable to order defendants to produce documents of which they no longer have possession.

The court therefore finds that there are insufficient grounds to hold attorney Thomas D. Dillard in contempt and plaintiff's Motion to Hold Thomas D. Dillard Attorney in Contempt (Dkt. #114) is **DENIED**.

4:02 p.m. Court Adjourns.

**IT IS SO ORDERED.**

                                                 LANCE S. WILSON, CLERK

                                                 By: _____/s/_____
                                                 Katie Lynn Ogden, Deputy Clerk