1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7

8 TERRY R. COCHRANE,                  )        3:11-cv-00092-LRH (WGC)
                                     )
         Plaintiff,                  )        **REPORT AND RECOMMENDATION**
9                                    )        **OF U.S. MAGISTRATE JUDGE**
   vs.                               )
10                                   )
   LAS VEGAS METROPOLITAN            )
11 POLICE DEPARTMENT, et. al.        )
                                     )
12       Defendants.                 )
   _____)

13

14       This Report and Recommendation is made to the Honorable Larry R.  Hicks, United

15 States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant

16 to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

17       Before the court is Plaintiff's Motion for Summary Judgment. (Doc. # 59.)[1] Defendants

18 opposed. (Doc. # 78.)  Instead of filing a reply brief, Plaintiff filed what he titles a "supplement"

19 to his motion  (Doc. # 112). Also before the court is the Cross-Motion for Summary Judgment

20 of Defendants Sergeant Swartwood and Las Vegas Metropolitan Police Department. (Doc.

21 # 78.)  Plaintiff opposed (Doc. # 83) and Defendants replied (Doc. # 90).  In addition,

22 defendant Ostler, who was served with the summons and operative complaint after the motion

23 was filed, joins in Defendants' motion.  (*See* Doc. # 104.)

24       After a thorough review, the court recommends that Plaintiff's motion be denied and

25 Defendants' motion be granted.  This renders moot the pending Motion to Dismiss Defendant

26 Chad Ostler.  (Doc. # 103.)

27

28       [1] Refers to court's docket number.

1

2                                  **I. BACKGROUND**

3        At all relevant times, plaintiff Terry R. Cochrane was a detainee in custody of the Clark

4   County Detention Center (CCDC). (Pl.'s First Am. Compl. (Doc. # 26) at 1.) Plaintiff, a pro se

5   litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id*.) Defendants are Las Vegas

6   Metropolitan Police Department (LVMPD), Sergeant Swartwood, and Chad Ostler. (*Id.;* Docs.

7   # 72, # 102.)

8        Plaintiff filed his original Complaint on April 25, 2011, and was subsequently granted

9   leave to amend. (*See* Docs. # 4, # 20, # 25, # 26.)  Plaintiff then sought and was granted leave

10  to amend to reflect the identity of the doe defendant named in Count II as Chad Ostler. (Docs.

11  # 51, Doc. # 72.)

12        In Count I, Plaintiff alleges that he attempted to conduct legal research for his

13  underlying criminal case through the CCDC law library. (Doc. # 26 at 4.) He sent a legal

14  research request on June 24, 2010, but did not receive a response until August 11, 2010. (*Id*.)

15  Plaintiff claims that Swartwood failed to respond to Plaintiff's grievances regarding the

16  research. (*Id*.)  As a result of  Swartwood's conduct, Plaintiff claims he was unable to file an

17  appeal in his criminal case.  (*Id*. at 4-5.)  On screening, the court construed these allegations

18  as stating a colorable access to courts claim against Swartwood and LVMPD.  (Doc. # 25.)

19        In Count II, Plaintiff alleges that while he was in custody at CCDC from January 21,

20  2010, until August 24, 2010, he filed several grievances against Swartwood.  (Doc. # 26 at 7.)

21  Plaintiff further claims that he posted bail on June 3, 2010, and took the documents from his

22  underlying criminal case as well as his grievances home with him. (*Id*.)  Plaintiff was tried and

23  convicted on June 10, 2010, and remanded into custody at which point he asked his family to

24  send his legal documents to him at the CCDC.  (*Id*.)  Plaintiff claims that Swartwood inspected

25  his mail and labeled it contraband because Swartwood was aware Plaintiff was initiating a civil

26  lawsuit against him.  (*Id*.)  Plaintiff further asserts that Swartwood gave additional spurious

27  reasons for withholding the mail from Plaintiff.  (*Id*. at 7-8.)  Eventually, another officer was

28                                        2

allowed to inspect the items, and the mail was released to Plaintiff upon his execution of a property release form. (*Id.* at 8-9.) However, when the officers went to retrieve the package, Plaintiff avers that Swartwood placed a note on it instructing them not to give it to Plaintiff. (*Id.* at 9.) Plaintiff filed a grievance on this issue which he contends Swartwood intercepted and denied. (*Id.*) Plaintiff asserts that he was ultimately given the mail, but the documents pertaining to Swartwood were missing. (*Id.*) Plaintiff claims that Swartwood's conduct prevented him from working on his criminal case. (*Id.* at 10.) With respect to these allegations, the court determined on screening that Plaintiff states colorable claims for access to the courts and retaliation against Swartwood. (Doc. # 25.)

Plaintiff goes on to allege that when he was being transferred from CCDC to the Nevada Department of Corrections (NDOC), he packed eight envelopes full of his legal paperwork. (Doc. # 26 at 11.) The property window clerk, now identified by Plaintiff as Chad Ostler, told Plaintiff that he would mail the legal paperwork. (*Id.*) Ostler then allegedly told Plaintiff "I have to go through it. You'll get it, most of it." (*Id.*) When Plaintiff arrived at the prison, he only received two envelopes. (*Id.*) As a result, Plaintiff claims he was not able to file his direct appeal in his criminal case. (*Id.* at 12.) On screening, the court determined that Plaintiff states a colorable claim for access to the courts against Ostler. (Doc. # 25.)

Plaintiff now moves for summary judgment on his claims. (Doc. # 59.) Defendants oppose and move for summary judgment on their own behalf. (Docs. # 78, # 79.)

## II.  LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as

a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)).  Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate.  *See Anderson*, 477 U.S. at 250.

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment.  Fed.R.Civ.P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered.  *Id.* at 248.

In determining summary judgment, a court applies a burden shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'[ ]  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial, *See Celotex*, 477 U.S. at 323-25. If the moving party fails to meet its initial burden, summary judgment must be denied

1  and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress &*

2  *Co.*, 398 U.S. 144, 160 (1970).

3      If the moving party satisfies its initial burden, the burden shifts to the opposing party

4  to establish that a genuine issue of material fact exists. *See Matsushita Elec.  Indus. Co. v.*

5  *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute,

6  the opposing party need not establish a material issue of fact conclusively in its favor.  It is

7  sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the

8  parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.  v.  Pac.  Elec.  Contractors*

9  *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quotation marks and citation omitted). The

10  nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations

11  that are unsupported by factual data.  *Id*.  Instead, the opposition must go beyond the

12  assertions and allegations of the pleadings and set forth specific facts by producing competent

13  evidence that shows a genuine issue for trial.  *See* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324.

14      At summary judgment, a court's function is not to weigh the evidence and determine the

15  truth but to determine whether there is a genuine issue for trial.  *See Anderson*, 477 U.S. at

16  249.  While the evidence of the nonmovant is "to be believed, and all justifiable inferences are

17  to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not

18  significantly probative, summary judgment may be granted. *Id*. at 249-50, 255 (citations

19  omitted).

20                    **III. DISCUSSION**

21  **A.  Access to Courts**

22       **1.  Standard**

23      Inmates have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S.

24  343, 346 (1996).  To establish a violation of the right of access to the courts, a prisoner must

25  establish that he or she suffered an actual injury, a jurisdictional requirement that flows form

26  the standing doctrine and may not be waived.  *Id*. at 348 (citation omitted); *see also Alvarez v.*

27  *Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir.  2008) (citation omitted) (explaining, "[f]ailure to show

28                          5

1  that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim of denial of access to

2  courts). "Actual injury" is defined as "actual prejudice with respect to contemplated or existing

3  litigation, such as inability to meet a filing deadline or present a claim." *Id*. at 348 (citation and

4  internal quotations omitted).

5      Where a prisoner asserts a backward-looking denial of access to courts claim-one

6  seeking a remedy for a lost opportunity to present a legal claim-as Plaintiff does here, he must

7  show the loss of a "nonfrivolous" or "arguable" underlying claim, "the official acts frustrating

8  the litigation," and "a remedy that may be awarded as recompense but [that is] not otherwise

9  available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 415,

10  417 (2002); *see also Avalos v. Baca*, 596 F.3d 583, 591 n. 8 (9th Cir. 2010).

11      The right of access to the courts is limited to non-frivolous direct criminal appeals,

12  habeas corpus proceedings, and section 1983 actions. *See Lewis*, 518 U.S. at 353 n. 3, 354-55;

13  *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) ("a prisoner

14  has no constitutional right of access to the courts to litigate an unrelated civil claim"). The right

15  of access to the courts is only a right to bring complaints to the federal court and not a right to

16  discover such claims or to litigate them effectively once filed with a court. *See Lewis*, 518 U.S.

17  at 354-55; *Cornett v. Donvan*, 51 F.3d 894, 898 (9th Cir. 1995).

18      **2. Analysis**

19         **i. Count I**

20      With respect to Count I, Plaintiff argues that Swartwood and LVMPD were responsible

21  for the delay of legal research which resulted in him not being able to file an interlocutory

22  appeal in his criminal case. (*See* Doc. # 59 at 3-7.)

23      The court agrees with Defendants that Plaintiff cannot maintain an access to courts

24  claim based on his inability to pursue an interlocutory appeal of his criminal conviction.

25      Plaintiff was convicted of the criminal charge of possession of a stolen vehicle on June 9,

26  2010. (Doc. # 78-2 at 2.) Plaintiff was sentenced on August 12, 2010, and a judgment of

27  conviction was entered on August 19, 2010. (Doc. # 78-2 at 4-5.) Through counsel, Plaintiff

28

1  appealed his criminal conviction to the Nevada Supreme Court on September 13, 2010. (Doc.

2  # 78-2 at 7-8.) The conviction was affirmed by the Nevada Supreme Court on September 19,

3  2011, finding that there was overwhelming evidence of guilt. (Doc. # 78-2 at 10-12.) In

4  addition, Plaintiff filed a petition for writ of habeas corpus on December 19, 2011, which was

5  denied on March 29, 2012. (*See* Doc. # 78-2 at 16-25.) Plaintiff's appeal of the decision on his

6  habeas petition is currently pending. (Doc. # 78-2 at 27.)

7      Despite the fact that Plaintiff was able to pursue an appeal of his conviction as well as

8  a habeas petition, Plaintiff claims that the delay in legal research precluded him from filing an

9  interlocutory appeal of his criminal conviction, and therefore, his access to the courts was

10  thwarted. Nevada Revised Statute 177.015 governs appeals in criminal cases and states very

11  clearly, "[t]he defendant only may appeal from a final judgment or verdict in a criminal case."

12  Nev. Rev. Stat. 177.015(3). This forecloses any argument that Plaintiff was precluded from

13  filing a non-frivolous direct criminal appeal. As a result, Plaintiff's access to courts claim in

14  Count I fails.

15      ### ii. Count II

16          #### a. Swartwood

17      While it is not entirely clear in his Amended Complaint, Plaintiff now argues that

18  Swartwood's conduct, as described in Count II, prevented him from filing a section 1983 action

19  based on Swartwood's destruction of mail. Plaintiff also makes vague reference to a section

20  1983 action for excessive force against unidentified CCDC officers.

21      To the extent this claim is premised on Plaintiff's inability to bring a section 1983 action

22  against defendant Swartwood for destruction of his mail, the court finds Plaintiff's claim falls

23  short. Plaintiff has not explained how he suffered a loss of a non-frivolous or arguable

24  underlying claim. Plaintiff merely states that some of the evidence to support his claim was

25  missing. As indicated above, Plaintiff has no right to litigate effectively once he is in court. He

26  does not establish that Swartwood's conduct prevented him from presenting his claim. In fact,

27  Plaintiff was able to present similar allegations in the instant action. Taking Plaintiff's

28

1  allegations as true, he may not have had the documentary evidence he wanted to support a

2  section 1983 action for destruction of mail against Swartwood, but he had certainly had the

3  information necessary to file such a complaint.  After filing the complaint, he could have asked

4  in discovery for the documents he avers were missing.

5      Plaintiff provides no detail regarding the purported excessive force action, and therefore,

6  has not demonstrated that Swartwood's conduct precluded him from filing a non-frivolous

7  section 1983 action in this respect.

8      Therefore, the court finds that Plaintiff's motion should be denied as to this claim and

9  summary judgment should be granted in Swartwood's favor.

10      **b. Ostler**

11      As to his claims against Ostler, Plaintiff alleges that he did not receive all of the

12  envelopes he wanted to take with him when he was transferred from CCDC to NDOC.

13      Even assuming his claims regarding the confiscation of the other documents are true,

14  Plaintiff has not established an access to courts claim against Ostler.  Plaintiff is required to

15  demonstrate that the particular defendant's conduct prevented him from filing a non-frivolous

16  direct criminal appeal, habeas corpus proceeding, or section 1983 action. The court has already

17  determined that Plaintiff was not frustrated from filing a direct criminal appeal or section 1983

18  action. Thus, he has failed to establish that Defendants' conduct precluded him from bringing

19  a non-frivolous underlying claim.

20      Because Plaintiff cannot establish this all too important element of his access to courts

21  claim, summary judgment should be granted in Ostler's favor and denied as to Plaintiff.

22  **B. Retaliation**

23      **1. Standard**

24      A retaliation claim consists of five elements: "(1) An assertion that a state actor took

25  some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and

26  that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the

27  action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408

28

F.3d 559, 567-68 (9th Cir. 2005) (citations omitted); *see also Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes*, 408 F.3d at 567-68). Retaliation claims must be evaluated in light of the deference that must be accorded to prison officials. *See Pratt*, 65 F.3d at 807.

The inmate must (1) submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action, and (2) demonstrate that his or her First Amendment rights were actually chilled by the alleged retaliatory action. *Pratt*, 65 F.3d at 806-07. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). The Ninth Circuit has recognized that prisoners have a fundamental First Amendment right to file prison grievances and pursue civil rights litigation, and "because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Rhodes*, 408 F.3d at 567 (citation omitted).

A plaintiff's mere speculation that there is a causal connection is not enough to raise a genuine issue of material fact. *See Nelson v. Pima Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("mere allegation and speculation do not create a factual dispute for purposes of summary judgment") (citation omitted).

**2. Analysis**

Plaintiff argues that when his legal paperwork was mailed to him, Swartwood noticed the section 1983 claims, and started restricting his access to his mail and destroying grievances. (Doc. # 26 at 8-9.) He asserts that this was in an effort to frustrate and deter him from filing his complaint. (*Id*. at 9.)

There is no evidence demonstrating that the alleged adverse conduct was in any way related to Plaintiff's pursuit of his civil rights action. Instead, Plaintiff provides nothing more than his speculative opinions regarding a purported causal connection between Plaintiff's

1  rights and the alleged retaliatory action.  Plaintiff's belief, however sincere, that Swartwood's

2  alleged conduct was retaliatory is based on nothing more than speculation.  This cannot create

3  a factual issue as to this claim. With no evidence to support this element of the retaliation

4  claim, summary judgment should be entered in Defendants' favor and Plaintiff's motion for

5  summary judgment should be denied.

6                              **IV. RECOMMENDATION**

7          **IT IS HEREBY RECOMMENDED** that the District Judge enter an Order

8  **GRANTING** Defendants' motion (Doc. # 79) and **DENYING** Plaintiff's motion (Doc. # 59).

9  As a result, the District Judge should also enter an order **DENYING AS MOOT** Defendants'

10  Motion to Dismiss Defendant Chad Ostler (Doc. # 103).

11         The parties should be aware of the following:

12         1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the

13  Local Rules of Practice, specific written objections to this Report and Recommendation within

14  fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate

15  Judge's Report and Recommendation" and should be accompanied by points and authorities

16  for consideration by the District Court.

17         2.      That this Report and Recommendation is not an appealable order and that any

18  notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the

19  District Court's judgment.

20         DATED: January 30, 2013.

21

22                                        _____
                                          WILLIAM G.  COBB
23                                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28                                        10